UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHIBUNDU ANUEBUNWA,        :        Case No. 3:25-CV-300 (SVN)
    *Petitioner,*           :
                     :
    v.                   :
                     :
WARDEN, FCI Danbury,       :
    *Respondent*.          :        November 7, 2025

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner Chibundu Anuebunwa has filed what the Court construes as a motion for reconsideration of its order denying in part and granting in part his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Order, ECF No. 16; Pet'r Supp. Resp., ECF No. 18. When Petitioner filed his § 2241 Petition on February 27, 2025, he was incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), in the custody of the Bureau of Prisons ("BOP"), but he was transferred to a Residential Reentry Center ("RRC") on May 20, 2025.[1] His current projected release date is November 22, 2025, and his sentence does not include a term of post-release supervision.[2]

Petitioner seeks to have Respondent credit him under the First Step Act ("FSA") for six courses he took between the date of his sentencing and the date of his arrival at FCI Danbury to reduce the remainder of his time in BOP custody at the RRC. *See id.*

For the reasons discussed below, the Court **DENIES** Petitioner's motion for

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). A search on the publicly available BOP website under the inmate search function using Petitioner's name shows that Petitioner is currently assigned to the Residential Reentry Management New York Field Office, and his release date is November 22, 2025. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited November 7, 2025); *see also* Pet., ECF No. 1 at 1; Notice of Pet'r Transfer, ECF No. 17 ("Petitioner's transfer was completed on Tuesday, May 20, 2025. . . .").

[2] *See* Moissonnier Decl., ECF No. 12-1 at ¶ 7; *see also* Judgment, *United States* v. *Anuebunwa*, No. 16-CR-575 (S.D.N.Y. Oct. 2, 2023), ECF No. 114.

reconsideration.

## I.    PROCEDURAL BACKGROUND

On October 2, 2023, Petitioner was sentenced to a 66-month term of imprisonment with no term of supervised release.  Moissonnier Decl., ECF No. 10-1, ¶ 4.[3]  He was held in post-sentencing detention at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"), ECF No. 20 at 3, and committed to FCI Danbury on December 11, 2023, *see* ECF No. 10-1 at 4.

On February 27, 2025, Petitioner filed his petition for writ of habeas corpus under § 2241 on two grounds: (1) "improper withholding" of FSA credits for the period between his sentencing date and his arrival at FCI Danbury; and (2) improper failure to be transferred to prerelease custody, given his FSA credits calculation and eligibility for transfer.  *See* Pet., ECF No. 1 at 2. After briefing by the parties,[4] on May 15, 2025, the Court denied in part the § 2241 petition because Petitioner had neither alleged nor provided any evidence that he "successfully complete[d] evidence-based recidivism reduction programming or productive activities" between the date of his sentencing and the date of his arrival at FCI Danbury.  ECF No. 16 (alteration in original).  The petition was granted in part because Respondent had conceded that Petitioner had accrued sufficient FSA credits and was otherwise eligible under the FSA for immediate transfer to prerelease custody.  *Id*.

Two days after Petitioner was transferred to RRC, he filed what the Court construes as a

---

[3] *See also* Judgment, *United States* v. *Anuebunwa*, No. 16-cr-575 (S.D.N.Y. Oct. 2, 2023), ECF No. 114.

[4] Respondent initially argued that Petitioner was statutorily ineligible for the application of FSA credits to his sentence because he was subject to a final Notice and Order of Expedited Removal, *see* Resp. to Order to Show Cause, ECF No. 10 at 1, but Respondent subsequently advised the Court that the U.S. Immigrations and Customs Enforcement had cancelled Petitioner's Order of Expedited Removal, and Petitioner was immediately eligible to apply his existing 225 days of FSA credits towards RRC Placement, *see* Suppl. Resp. to Order to Show Cause, ECF No. 12 at 4.

motion for reconsideration, and provided a list of six courses he had completed while at MDC

Brooklyn. *See* ECF No. 18; *see also* Education Transcript, Ex. 1, ECF No. 18-1 at 3. He argues

that these six courses should count toward his FSA credits, "as that corrected total will affect his

total time spent in BOP custody at the RRC-halfway house." ECF No. 18 at 3. The Court ordered

Respondent to respond to this motion. Order, ECF No. 19.

Respondent opposes Petitioner's motion for reconsideration and avers that these six

courses "do not qualify for credit awards under the FSA." ECF No. 20 at 4–5. Respondent also

avers that the FSA does not authorize the application of earned time credits to the remainder of

Petitioner's term because Petitioner has already moved into RRC placement and has not been

sentenced to post-release supervision. *Id.* at 1–3. In Petitioner's reply, he contends that: (1) the

BOP misinterprets the FSA's application of time credits; (2) the courses completed at MDC qualify

under FSA standards; and (3) the fact that he was not sentenced to a term of supervised release

should not preclude application of earned credits. *See* Pet'r Reply, ECF No. 26.

## II.    LEGAL STANDARD

The Court entered its order granting in part and denying in part the § 2241 petition on May

15, 2025, and Petitioner filed his motion for reconsideration on May 22, 2025, seven days later.

Petitioner did not specify under which procedural grounds he filed his motion for reconsideration.

Because Petitioner is a *pro se* litigant and seeks reconsideration of the Court's order within the

required time frame under District of Connecticut Local Rule 7(c), the Court construes the motion

as brought under that Rule.

Local Rule 7(c) allows the filing of motions for reconsideration, but cautions that such

motions "shall not be routinely filed and shall satisfy the strict standard applicable to such

motions." D. Conn. L. Civ. R. 7(c)1.  "The standard for granting [reconsideration] is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions

or data that the court overlooked—matters, in other words, that might reasonably be expected to

alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49,

54 (2d Cir. 2019); *see also* D. Conn. L. Civ. R. 7(c)1; *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170

(2d Cir. 2021) (cleaned up) (reconsideration warranted "only when the party identifies an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice").  A motion for reconsideration is "not a vehicle for

relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,

or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*,

684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).

## III.    DISCUSSION

In summary, Petitioner requests that the Court recalculate and order the BOP to apply credit

under the FSA for six programs he completed between October 2, 2023, the date he was sentenced,

and December 11, 2023, the date he arrived at FCI Danbury.  *See* ECF No. 18.  He requests these

credits to reduce his total time spent in BOP custody at the RRC halfway house.  *See id.*  Although

Petitioner has presented new evidence in the form of an educational transcript[5] demonstrating

which courses he took during the relevant period, the Court concludes that BOP was not required

to credit him for these programs.  Thus, the Court denies Petitioner's motion for reconsideration.

---

[5] Petitioner has not explained why he failed to provide the information about these courses in his earlier filings. Because he is a *pro se* litigant, however, the Court has examined the transcript and addresses the merits of his argument.

A.    Petitioner's Request for the BOP to Credit Six Courses under the FSA

The FSA allows eligible prisoners to earn time credits for completing evidence-based recidivism reduction programming ("EBRR") or productive activities ("PAs").  18 U.S.C. § 3632(d)(4)(A); *see also id.* §§ 3635(3), (5) (statutory definitions of "EBRR" and "PA").  The FSA authorizes the Attorney General to develop recommendations regarding EBRRs and PAs, conduct ongoing research and data analysis on such programming, and direct the BOP regarding approval of EBRRs and PAs for FSA time credits.  *See* 18 U.S.C. §§ 3631(b)(2), (3); *id*. §§ 3633(a)(5)(A), (C) ("[T]he Attorney General shall ... direct the Bureau of Prisons regarding ... the addition of new effective [EBRRs] that the Attorney General finds.").  "In turn, the BOP has established a formal process for evaluating whether a program meets the criteria for being an EBRR or PA under 18 U.S.C. § 3635." *Mohammed v. Stover*, No. 23-CV-757 (SVN), 2024 WL 5146440, at *3 (D. Conn. Dec. 17, 2024) (citing to a declaration filed by a BOP employee in that action).

Petitioner seeks credit for six programs that he completed during his post-sentencing detention at the MDC Brooklyn, before he arrived at FCI Danbury.  *See* ECF No. 18.  Specifically, he seeks credits for twelve-hour courses listed as Business Acumen, Time Management, Business Ethics, Developing Creativity, Soft Skills, and a ten-hour course for Commercial Driver's License Test Prep, which he completed between October 30, 2023, and November 13, 2023.  *See* ECF No. 18 at 2; ECF No. 18-1. Respondent argues that "Petitioner has not demonstrated . . . that the six MDC courses he lists qualify as FSA credit-eligible, and none of the courses appear in the BOP's FSA Programs Guide." ECF No. 20 at 4.  Respondent has also "reviewed Petitioner's list [of courses] with BOP counsel and Case Management staff at FCI Danbury[,] [and the] BOP has confirmed that the programs are not recognized EBRR programs or PA classes." *Id*. at 5.

5

The Court finds that with the limited information Petitioner has provided, his programs completed between October 30, 2023, and November 13, 2023, cannot be credited under the FSA. As an initial matter, Respondent's briefing suggests that the Court lacks authority to determine what types of courses qualify as EBRRs and PAs. *See* ECF No. 20 at 5 n.3 (noting that Respondent "does not concede that the FSA authorizes the court to make [a] determination" as to the types of courses that qualify as EBRRs and PAs). However, as this Court has observed, there appears to be no "part of the statutory text that unambiguously goes so far as to say that the Attorney General and the BOP have *sole* discretion to determine what qualifies as an EBRR or PA." *Mohammed*, 2024 WL 5146440, at *3 (emphasis in original). Respondent does not cite to any authority holding as much. And in the Court's review of applicable case law, "while 'it is clearly with[in] the BOP's discretion to determine what programs will be eligible for receipt of time credits upon successful' completion, *Cohen v. Hudgins*, No. 20-cv-211, 2021 WL 6066667, at *4 (N.D.W. Va. Oct. 28, 2021), *report and recommendation adopted*, 2021 WL 5565163 (N.D.W. Va. Nov. 29, 2021), nothing appears to foreclose judicial review of these agency actions." *Mohammed*, 2024 WL 5146440, at *4.

Nor does Respondent's reliance on the BOP's FSA Approved Programs Guide foreclose judicial review of its decisions with respect to awarding FSA time credits for programming. Respondent cites to the FSA Frequently Asked Questions page of the BOP's website, which provides that "[i]nmates only receive [FSA time credits] for participation in programs and activities directly assigned to them as qualifying evidence-based recidivism reduction programming or productive activities." ECF No. 20 at 4–5 (citing https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits (last visited November 7,

6

2025)).  Even assuming that there is a source of legal authority for this position—the cited website

provides none—this court has ordered the BOP to award an inmate time credits for coursework

not explicitly listed in the Programs Guide.  *See Akwuba v. Stover*, No. 23-cv-01557 (MPS) (D.

Conn. July 2, 2025), ECF No. 38.   In *Akwuba*, the court found "that an activity does not have to

be so designated but does have to be performed by the inmate with the consent of the BOP and

otherwise meet the statutory definitions of EBRR or PA in order to qualify for time credits under

the FSA."   And "at least one other district court has awarded inmates FSA time credits for

programs not explicitly approved by the BOP as EBRRs or PAs" in the FSA Approved Programs

Guide.  *Mohammed*, 2024 WL 5146440, at *4 (referencing *Cazares v. Hendrix*, 575 F. Supp. 3d

1289, 1299–1300 (D. Or. 2021) (finding ambiguity in the statutory text regarding what qualifies

as an EBRR or PA, and ordering the BOP to award inmate credit for completing programming not

included in the FSA Approved Programs Guide)).  Accordingly, as it did in *Mohammed*, the Court

here assumes, without deciding, that it is not precluded from reviewing the BOP's decisions

regarding what types of courses qualify as EBRRs and PAs.  *Mohammed*, 2024 WL 5146440, at

*4 (reviewing courses completed by the petitioner that were not explicitly approved by the BOP

as EBBRs or PAs to determine whether they could qualify for FSA credit).

        The Court cannot conclude, based on the information provided by Petitioner, that the six

courses for which he seeks credit qualify as EBRRs or PAs under the statute.  An EBRR is a group

or individual activity that "has been shown by empirical evidence to reduce recidivism or is based

on research indicating that it is likely to be effective in reducing recidivism," is "designed to help

prisoners succeed in their communities upon release from prison," and may include many different

types of courses.  18 U.S.C. § 3635(3).  A PA is a group or individual activity that "is designed to

allow prisoners determined as having a minimum or low risk of recidivating to remain productive

and thereby maintain a minimum or low risk of recidivating."  18 U.S.C. § 3635(5).

The Court rejects Petitioner's arguments that the six programs he took at MDC Brooklyn

"align with the statutory purpose of helping prisoners reintegrate into society and reduce

recidivism." ECF No. 26 at 2.  This general argument does not provide enough context for the

Court to decide whether these six programs would qualify as EBRRs or PAs under the FSA and

applicable regulations.  Petitioner does not argue that empirical evidence has demonstrated that his

programs on Business Acumen, Time Management, Business Ethics, Developing Creativity, Soft

Skills, and Commercial Driver's Licenses reduce recidivism or are likely to be effective in doing

so; nor does Petitioner offer any information as to what these programs covered to aid the Court

in assessing the programs' eligibility.

Thus, based on the limited information provided by Petitioner and the information offered

by Respondent, the Court cannot find that these programs qualify as EBRRs or PAs under the FSA

and the applicable regulations.  While it appears from the names of these courses that they

addressed skills and attributes that may aid Petitioner's success in the workplace, the Court is

unable to discern how these six programs reduce recidivism or are likely to be effective in doing

so, without additional context regarding what these programs entail.

Additionally, Petitioner has not shown that the BOP consented to him participating in this

coursework for FSA credit or that any of these programs have been submitted for EBRR/PA review

under the BOP's formal process.  Nor has he provided any evidence that MDC Brooklyn, where

he took the courses, has attempted to classify these courses as EBRRs or PAs. Therefore, with the

limited information provided, the Court cannot find that the courses Petitioner completed between

8

October 30, 2023, and November 13, 2023, are sufficient to be credited under the FSA.

B.      Petitioner's Request for Early Supervised Release or to Reduce Sentence

Petitioner also requests that the six courses he completed be applied to reduce his total time spent in RRC custody. *See* ECF Nos. 18 at 3; 26 at 2–3. It is not clear whether Petitioner is seeking (i) to reduce his sentence by being released from RRC custody earlier than his release date, or (ii) requesting a release from RRC custody to a term of supervised release. In any event, the Court has already concluded that the six courses Petitioner took at MDC Brooklyn post-sentencing do not qualify for credits under the FSA. Even if these six courses did qualify for credits, however, the Court agrees with Respondent that Petitioner could not apply these additional credits to early release from RRC because Petitioner's sentence does not include a term of post-release supervision. *See United States v. Anuebunwa*, 16-CR-575 (S.D.N.Y. Oct. 2, 2023), ECF No. 114 (Judgment) and ECF No. 121 (order dated Apr. 28, 2025, denying Petitioner's motion for modification of sentence, which sought a three-month reduction in term of imprisonment and a term of supervised release).

The FSA provides that time credits earned by "prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). "Prerelease custody can be in the form of either home confinement or transfer to a residential reentry center." *Saleen v. Pullen*, No. 3:23-CV-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023). "The BOP, however, cannot apply FSA time credits toward an early transfer to supervised release when an inmate's sentence does not include a term of supervised release." *Pujols v. Stover*, No. 3:23-CV-564 (SVN), 2023 WL 4551423, at *2 (D. Conn. July 14, 2023); *see also Saleen*, 2023 WL 3603423, at *1 (declining

to apply FSA credits toward early transfer to supervised release because petitioner's sentence did not include a term of supervised release).

Finally, to the extent Petitioner is requesting a sentence reduction under 18 U.S.C. § 3582(c), Petitioner must make this request with the court that imposed his sentence. *See United States v. Avery*, 807 F. App'x 74, 77 (2d Cir. 2020); *see also United States v. De Jesus Sierra*, No. 10 CR 416 (VM), 2021 WL 354954, at *3 (S.D.N.Y. Feb. 2, 2021) (explaining that "Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for Reduction in Sentence"). Petitioner was sentenced in the United States District Court for the Southern District of New York, not the United States District Court for the District of Connecticut. Accordingly, to the extent that Petitioner requests this Court to afford him a sentence reduction, this Court lacks jurisdiction to consider his request.

## IV.    CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration, ECF No. 18, is **DENIED**. The Clerk is directed to close this case.


**SO ORDERED** at Hartford, Connecticut, this 7th day of November, 2025.


 */s/  Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE